**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6198

JIMMY H. CAUSEY,

Plaintiff - Appellant,

v.

CHARLES WILLIAMS; MS. DAVIS; MS. CLOUD; MS. LIM; SUSAN DUFFY; MS. LEE; DAVID BURZINSKI; COATA KIMBRELL; JOHN PALMER; DENNIS PATTERSON; KAYLA SHERVEY,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:22-cv-01475-JD)

Submitted:  May 30, 2025                          Decided:  June 4, 2025

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jimmy H. Causey, Appellant Pro Se.  Michael Todd Smith, LOGAN & JOLLY, LLP, Anderson, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy H. Causey appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of Appellees on Causey's amended 42 U.S.C. § 1983 complaint. We review de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a genuine dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aleman v. City of Charlotte*, 80 F.4th 264, 283 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 1032 (2024).

"To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017) (internal quotation marks omitted). "[P]rison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations and internal quotation marks omitted).

The deliberate indifference test applicable to convicted prisoners' claims has both an objective element and a subjective element. *See Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024). The objective element is met if the claimant establishes "that he was exposed to an objectively substantial risk of serious harm." *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023) (internal quotation marks omitted). The subjective element "requires proof that the prison official[s] subjectively knew of the substantial risk of harm to a prisoner and consciously disregarded it." *Ford*, 108 F.4th at 230 (internal quotation marks omitted).

We have reviewed the record and find no reversible error. The district court did not err in finding Causey had not established a genuine dispute of material fact as to the second element of his food-related Eighth Amendment claim, as there is no evidence in the record suggesting that Appellees consciously disregarded a substantial risk of harm to Causey caused by the alleged failure to meet his nutritional needs. Causey similarly failed to establish a genuine dispute as to his claim of limited outdoor recreation, particularly in light of the security concerns created by his repeated escapes from prison and his suggestions that he would attempt to do so again. *See Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir. 1992) (stating that "penological considerations may, in certain circumstances, justify restrictions" on out-of-cell recreation). And although we have recognized that "the denial of decent and basically sanitary living conditions and the deprivation of the basic elements of hygiene" can be serious enough to establish the objective component of an Eighth Amendment claim, *Hite v. Leeke*, 564 F.2d 670, 672 (4th Cir. 1977) (internal quotation marks omitted), the district court did not err in adopting the magistrate judge's finding that Causey's allegations did not rise to the extreme level of deprivation required.

3

As to Causey's retaliation claim, "[a] First Amendment retaliation claim requires a plaintiff to show that (1) his speech was protected, (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech, and (3) a causal relationship exists between the plaintiff's speech and the defendant's retaliatory action." *Hodges*, 109 F.4th at 262 (brackets and internal quotation marks omitted). To establish causation, the plaintiff bears the burden "to show that his protected activity was a substantial or motivating factor in the defendants' action." *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023) (internal quotation marks omitted). "For a plaintiff to meet his prima facie burden of causation, he must show (1) that the defendants were aware of his engaging in protected activity and (2) some degree of temporal proximity to suggest a causal connection." *Id.* at 130-31 (brackets and internal quotation marks omitted). Our review of the record confirms that the district court did not err in finding there was no genuine dispute of material fact as to this element of Causey's retaliation claim.

Accordingly, we affirm the district court's order. *Causey v. Williams*, No. 4:22-cv-01475-JD (D.S.C. Feb. 12, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4